T.C. Summary Opinion 2009-139

UNITED STATES TAX COURT

KENNETH L. GRAHAM, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10108-08S.                 Filed September 8, 2009.

Kenneth L. Graham, pro se.

<u>E. Abigail Raines</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,183 in petitioner's Federal income tax for 2006. The sole issue for decision is whether petitioner is liable for the 10-percent additional tax on early distributions from qualified retirement plans under section 72(t)(1) and, more particularly, whether the distributions in question constitute "part of a series of substantially equal periodic payments (not less frequently than annually) made for the life (or life expectancy) of the employee" within the meaning of section 72(t)(2)(A)(iv). We hold that the distributions were not part of a series of substantially equal periodic payments and that petitioner is therefore liable for the 10-percent additional tax.

## Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

Petitioner resided in the State of Illinois when the petition was filed.

Petitioner was born in 1948. In 1999 he retired after 35 years of employment with a telephone company. Upon retirement, and at his own election, petitioner received a lump-sum distribution of a pension that was accumulated during his tenure

with the telephone company.[2] Petitioner then rolled these funds over into several self-directed individual retirement accounts (IRAs). During 1999, at age 51, petitioner began receiving periodic distributions from his IRAs.

The distribution amounts received by petitioner were determined by his financial advisers. However, the financial advisors did not provide petitioner with documentation demonstrating how the distribution amounts were calculated. The financial advisors led petitioner to believe that the distributions were in accordance with one of the exceptions under section 72(t)(2).

During 2006, in which year he turned 58, petitioner received distributions from four IRAs totaling $61,833. At the close of the 2006 tax year the combined value of the IRAs was $284,372.[3]

On his 2006 Federal income tax return petitioner reported the distributions as income, but he did not report any additional tax on those distributions. Respondent thereafter determined that the distributions were subject to the 10-percent additional tax under section 72(t). Petitioner contends the distributions

---

[2] Petitioner could have received a monthly pension from the telephone company, but he stated: "It wouldn't have been enough to support the bills I had, basically."

[3] During 2004 and 2005 petitioner received distributions from his IRAs of $51,031 and $61,011, respectively; at the close of those years the combined values of his accounts were $366,351 and $317,763, respectively. The record does not include distribution amounts and combined values for any other year.

were part of a series of substantially equal periodic payments and, as such, are not subject to the additional tax pursuant to section 72(t)(2)(A)(iv).

## Discussion

In general, the Commissioner's determination as set forth in the notice of deficiency is presumed correct, and the taxpayer bears the burden of proving that the determination is in error. See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Pursuant to section 7491(a), the burden of proof as to factual matters shifts to the Commissioner under certain circumstances. Petitioner has neither alleged that section 7491(a) applies nor established his compliance with its requirements.[4] Accordingly, petitioner bears the burden of proof. See Rule 142(a).

Section 72(t)(1) imposes an additional tax on an early distribution from a qualified retirement plan equal to 10 percent of the portion of the amount that is includable in gross income. The 10-percent additional tax does not apply to distributions that are part of a series of substantially equal payments (not

---

[4] Regardless of whether the additional tax under sec. 72(t) is a penalty or an additional amount to which sec. 7491(c) applies and regardless of whether the burden of production with respect to this additional tax would be on respondent, respondent has satisfied his burden of production with respect to the distribution. See H. Conf. Rept. 105-599, at 241 (1998), 1998-3 C.B. 747, 995.

less frequently than annually) made for the life (or life expectancy) of the employee.  Sec. 72(t)(2)(A)(iv).

The Internal Revenue Code and the regulations thereunder do not elucidate what qualifies as a series of substantially equal periodic payments under section 72(t)(2)(A)(iv).  However, the Internal Revenue Service has promulgated guidance concerning this exception in Notice 89-25, Q&A-12, 1989-1 C.B. 662, 666.  The notice provides that payments will be considered substantially equal periodic payments if the payments are determined by one of three methods:  (1) The required minimum distribution method, (2) the fixed amortization method, or (3) the fixed annuitization method.  See Rev. Rul. 2002-62, 2002-2 C.B. 710 (reiterating that payments will be considered to be substantially equal periodic payments if they are made in accordance with one of the three methods described in Notice 89-25, supra).  Each of the three methods takes into account the taxpayer's life expectancy.

The Court is not bound by Notice 89-25, supra, but conforming to one of its methodologies may relieve a taxpayer of the 10-percent additional tax.  See Arnold v. Commissioner, 111 T.C. 250, 252 n.1 (1998).  We find that the record does not identify which, if any, methodology was used in calculating the amount of petitioner's periodic payments.  Petitioner did not provide any documentation demonstrating (or testimony explaining) how the distribution amounts were determined.  See id. at 252.

In 2006, at age 58, petitioner had a life expectancy of 27.0 years.[5]  See sec. 1.401(a)(9)-9, Q&A-1, Income Tax Regs.[6]  The amount distributed to petitioner during this year, $61,833, represents more that one-sixth the total value of the IRAs at the beginning of 2006.  The continued receipt of such distributions by petitioner would exhaust the IRA balances within 7 years.[7]  Therefore, the distributions could not possibly be substantially equal periodic payments made for petitioner's life expectancy.

Although we are sympathetic to petitioner's position, given his reliance on his financial advisors, we are constrained to

_____

[5]  In 1999, at the time of his retirement and when he began receiving distributions, petitioner was 51 years of age and had a life expectancy of 33.3 years.  However, the record is limited and provides no indication of the value of the IRAs in 1999 or documentation of petitioner's distribution at that time.  Therefore, we confine ourselves to the year in issue as discussed herein.

[6]  The single life expectancy table found at sec. 1.401(a)(9)-9 Q&A-1, Income Tax Regs., is used for determining the life expectancy of an individual for purposes of calculating required minimum distributions (RMD) under sec. 401(a)(9).  As discussed in the text supra p. 5, the RMD method is one of the methods prescribed by Notice 89-25, 1989-1 C.B. 662, for determining whether payments are substantially equal periodic payments for purposes of sec. 72(t)(2)(A)(iv).

[7]  Assuming a constant rate of return of 10 percent and distributions on the last day of each year.

At trial (in April 2009) petitioner implied that exhaustion of the account balances was merely a consequence of the precipitous decline in the stock market.  However, the market decline only began in mid-2008, well after the year in issue.  In any event, and as discussed in the text, exhaustion would occur well within petitioner's life expectancy even if the market had not declined so significantly in 2008.

sustain respondent's determination on this issue.  Thus, petitioner is subject to the 10-percent additional tax under section 72(t)(1).

## Conclusion

We have considered all of the arguments made by petitioner, and, to the extent that we have not specifically addressed them, we conclude that they do not support a holding contrary to that reached herein.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.